**COLUMBIA BROADCASTING SYSTEM, INC., Plaintiff,**

v.

**AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS et al., and Broadcast Music Inc. et al., Defendants.**

**AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS et al., Defendants-Counterclaimants,**

v.

**COLUMBIA BROADCASTING SYSTEM, INC., Plaintiff-Counterdefendant,**

**National Broadcasting Company, Inc., Counterdefendant.**

**No. 69 Civ. 5740.**

United States District Court,
S. D. New York.
July 16, 1971.

Cravath, Swaine & Moore, New York City, for plaintiff; Alan J. Hruska, New York City, of counsel.

Sullivan & Cromwell, Herman Finkelstein, New York City, for defendant ASCAP; Arthur H. Dean and Roy H. Steyer, New York City, of counsel.

LASKER, District Judge.

CBS moves, pursuant to Rule 26(c), F.R.Civ.P., for a protective order extending its time to answer and object to the interrogatories of ASCAP, dated February 11, 1971, "to the extent such answers and objections relate exclusively to issues presented by the ASCAP counterclaims and affirmative defenses * * *"

Before reaching the merits of the application it is in order to recite the tangled procedural context in which it is made.

CBS sues for a declaration that defendants are violating Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2) by refusing to grant "per use" licenses to CBS, and for injunctive relief. BMI has answered with a general denial and a counterclaim for damages for infringement of its copyrights. (The counterclaim was abandoned upon the granting of relief which required CBS to pay royalties to BMI pendente lite.) ASCAP has answered with a general denial, affirmative defenses and counterclaims.[1] The burden of the affirmative defenses and counterclaims is (1) that the per use license sought by CBS is itself in violation of the antitrust laws and (2) that CBS and NBC have achieved an illegal monopoly of television broadcasting of musical compositions.

On April 5, 1971, BMI—which, as indicated above, has not asserted affirma-

---

1. Under a consent decree against ASCAP in United States v. American Society of Composers, Authors and Publishers, et al. Civil Action No. 13–95 (entered March 14, 1950), ASCAP is required to license applicants upon request. CBS has at all times been licensed by ASCAP and paid royalties to it pursuant to the terms of the decree. Accordingly, ASCAP has stated no such counterclaim against CBS as the BMI counterclaim for copyright infringement.

tive defenses such as ASCAP's, and is not a party in the counterclaim litigation—moved under Rule 42(b), F.R.Civ. P., for an order that the issue of defendants' liability be tried separately from and prior to other issues.[2] ASCAP has opposed the motion on the ground that the questions raised by its affirmative defenses and counterclaims are inextricably related to the issues presented by the complaint and, in the interest of justice, must be tried simultaneously.

BMI's motion has not yet been determined, but its existence prompted the instant motion, CBS arguing that it should not be required to answer or object to interrogatories relating to ASCAP's affirmative defenses and counterclaims until the court has determined whether they will be tried concurrently with or subsequent to the issues raised by the complaint.

To complicate the present setting further, on June 28, 1971, defendants Cy Coleman, Arthur Hamilton, Arthur Schwartz and Ned Washington (ASCAP members) moved under Rule 56, F.R. Civ.P., for summary judgment on the ground that, as a matter of law, ASCAP's refusal to grant CBS a per use license does not violate the Sherman Act. While it seems appropriate to defer the determination of BMI's Rule 42(b) motion until disposition of the motion for summary judgment—since the Rule 42(b) motion involves important legal and policy questions which need not be decided if the motion for summary judgment were granted—there is no need to

postpone decision on the considerably simpler question of CBS' current application for a protective order, and it seems desirable that a ruling should be made promptly so that the parties can adjust their postures appropriately.

Accordingly, we come to the merits of the instant motion. CBS argues that it would be wasteful to it, and a delay to completion of other discovery, to require it to answer or object to interrogatories of ASCAP relating to ASCAP's affirmative defenses and counterclaims before the court has determined whether the questions arising from the affirmative defenses and counterclaims will be tried together with the issues framed in the complaint. It claims that postponement will not prejudice ASCAP, since early discovery on the defenses and counterclaims will not be necessary[3] if BMI's Rule 42(b) motion is granted and can be completed with dispatch if that motion is denied.

ASCAP answers, as it has on BMI's "primary" Rule 42(b) motion, that since its affirmative defenses and counterclaims are inextricably related to the questions presented by the complaint, it is entitled at this time to answers or objections to the interrogatories relating to those defenses and counterclaims.

The determination of the issue thus joined necessarily turns on whether BMI's Rule 42(b) motion can be considered to present a question of substance or not. If it can, it would be appropriate to afford CBS protective (but, of

---

2. The relief requested relevant to the present discussion is for an order
    (1) declaring that the issues presented in plaintiff's complaint except issues concerning the fashioning of relief, if any, and the issues presented in all affirmative defenses except the Fourth through the Seventh affirmative defenses· pleaded by defendants American Society of Composers, Authors and Publishers, et al, be tried separately from and prior to the other questions and claims presented in the action,
    *      *      *      *      *

(3) directing that all pre-trial discovery be confined to said issues until such time as the Court shall have finally disposed of said issues.

3. In papers submitted in relation to BMI's Rule 42(b) motion and the present application, CBS states that, in the event of the court's denial of BMI's Rule 42(b) motion, CBS will move to strike or dismiss ASCAP's affirmative defenses and counterclaims. The disposition made by this memorandum is without reference to such hypothetical matter.

course, temporary) relief. If it cannot, CBS' application should be denied.

The answer is that BMI's Rule 42(b) motion does raise questions of substance —not because of BMI's own desire to expedite the litigation in order to clarify its relations with the networks and allegedly to facilitate its competition with ASCAP, but because this complex litigation certainly falls within the category of cases in which the issues should be severed in the interests of trial efficiency and judicial economy—*if* the issues *are* severable. The caveat *"if* the issues *are* severable"* is stated advisedly, because, of course, the disposition of BMI's Rule 42(b) motion turns exclusively on that point which is *not* decided by this opinion.

Under such circumstances, to require CBS to answer or object to the interrogatories of ASCAP relating to its affirmative defenses and counterclaims at this time would impose an unnecessary burden on CBS and might delay completion of discovery on other matters. ASCAP will not be prejudiced by the granting of CBS' motion, since CBS will be required to answer or object to the interrogatories at an appropriate time.

Although we are not dealing here with a motion for an injunction as to substantive matters, we do have before us the analogous request for a stay of activity within the litigation. In such circumstances, the philosophy of the Court of Appeals of this Circuit expressed in Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 740 (1953), Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319, 323 (1969), and Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1205–1206 (1970) (alluded to in a prior opinion in this case) is apposite:

> " * * * where the balance of hardships tips decidedly toward the party requesting the temporary relief * * * the moving party may obtain a preliminary injunction if he has raised questions going to the mer-

its so serious, substantial, and difficult as to make them a fair ground for litigation and thus for more deliberate investigation." *Checker Motors,* supra, 405 F.2d at 323.

The motion for a protective order is granted.